EDWARD F. BROWNING, RESPONDENT, *v.* EDWIN L. HAYES, APPELLANT.

*Supplementary proceedings — where the examination of a non-resident debtor must be had — Code of Civil Procedure, sec. 2434.*

The plaintiff having obtained a judgment against the defendant, in the Supreme Court in Kings county, filed a transcript thereof in the county of New York, upon which an execution was issued to the sheriff of that county, which was returned unsatisfied. Thereafter an order was made by a justice of the Supreme Court in Kings county, requiring the defendant, a non-resident of the State, having a place of business in the county of New York, to appear before a referee in the city of New York to be examined.

*Held*, that the order should be set aside as being irregular in that it did not provide that the subsequent proceedings should be had before a justice of the Supreme Court of the First Judicial District as required by section 2434 of the Code of Civil Procedure.

APPEAL from so much of an order made at the Kings County Special Term as denied a motion to vacate an order requiring the

defendant to appear and be examined in proceedings supplementary to execution before a referee in the city of New York.

*William R. Gerrard*, for the appellant.

*Charles S. Simpkins*, for the respondent.

BARNARD, P. J. :

The plaintiff obtained a judgment in Kings county in the Supreme Court. A transcript was filed in the county of New York and an execution was issued to the sheriff of that county and returned unsatisfied.

The defendant is a non-resident of the State and has a place of business in the county of New York. An order was made by a judge of the Supreme Court in Kings county, that the defendant appear before a referee in the city of New York. The order does not provide that the subsequent proceedings be had before a justice of the Supreme Court of the First Judicial District. I think the order is irregular in this respect and cannot stand. Section 2434 of the Code of Civil Procedure is not very plain. It can be gathered therefrom, by a very strict reading, that it is only in cases where a Supreme Court justice makes the order in the place of other inferior judges, that a provision must be inserted making the order returnable before a Supreme Court justice or other local magistrate of the judicial district where the order is to be executed. This reading is not the true one. A debtor non-resident cannot be taken out of the county where his place of business is. When, therefore, an order to examine a judgment debtor is made by a justice of the Supreme Court, to examine a debtor in another judicial district, the order must be made returnable before a judge of that district, and the words " in that case " in section 2434, do not alone refer to orders made for inferior judges, but are intended to embrace all orders to be made " before a justice of the Supreme Court."

By section 2442 the referee must certify the evidence to the judge before whom the order is made returnable. This language would not be proper in the ordinary case of an order made in a county where the debtor resided by an officer therein.

The order should, therefore, be reversed, with costs and disburse-

ments, and the motion granted, with costs, all costs to be applied on the judgment.

DYKMAN and CULLEN, JJ., concurred.

Part of order appealed from reversed, with costs and disbursements to be applied on the judgment.